[Civ. No. 4409. Third Appellate District.—February 24, 1932.]

NEIL DONOGHUE, Respondent, v. J. C. KREMMEL et al., Appellants.

William G. Snyder for Appellants.

No appearance for Respondent.

PRESTON, P. J.—The action was commenced to recover possession of a certain real property operated as a mine, plaintiff claiming possession by virtue of the terms of a written lease from the owner Kremmel, one of the defendants.

In the complaint plaintiff sought damages for withholding in addition to his demand for possession. At the trial, however, all claims were abandoned other than the one for possession. The ownership in fee of the premises is admittedly in Kremmel and the execution and delivery of the lease to plaintiff is likewise conceded.

It is the contention of appellants here that respondent breached the terms of the lease and abandoned the property, whereupon Kremmel leased the premises to the codefendant Wilson.

Further, appellant contends that there was no ouster upon which could be predicated this action in ejectment. The case was tried by a jury and it was stipulated that the only issue submitted was that of possession and restitution. A verdict was returned in favor of plaintiff and thereafter judgment was entered ordering that plaintiff be restored to possession of the premises.

The record before us is hardly satisfactory inasmuch as respondent has not seen fit to aid by the presentation of any brief or memorandum of authorities in support of the

judgment. Yet we are mindful of the rights of the litigant and, therefore, take the burden thus shifted by counsel. We may add that the bench and bar are co-ordinating agencies in the administration of justice and it must be admitted, notwithstanding what theories in the abstract may obtain, that when either trial or reviewing courts must operate without the aid of the bar, the net result may be anticipated as an abandonment of rule and order and a departure from any system that might even approach the necessities of a balanced jurisprudence.

Going over the record before us in detail, we find sufficient evidence to support the conclusion that there was no breach of the terms of the lease.

It is not denied that plaintiff entered upon the premises under the terms of the lease; that thereafter and with the consent of the lessor an executory agreement of sale was entered into whereby the lessee permitted possession in a cotenant. The claim of appellant is that this cotenant, holding and working the mine under the terms of the lease, was delinquent in performance of the work required.

The testimony is meager, yet, giving it the benefit of such inferences as it will support, we find it sufficient. It is to be noted that the testimony offered by appellant in the court below was likewise scant and more or less speculative. Out of it all arises a conflict of fact and we are not permitted to again make inquiry as to which testimony was of greater weight or credibility.

The next point concerns the claimed eviction. The lands in question, while operated as a mine, are held under agricultural patent and are a part of a larger holding. Appellant resides near by and the entire area is fenced with gates crossing the lanes of approach. The evidence discloses no actual physical ouster. It shows, however, that respondent was told by appellant that he would not be permitted to enter upon the premises. Appellant informed him that the gates were locked and would remain locked and that respondent would do no more prospecting around there as long as appellant was alive. This last phrase "you won't do any more work there as long as I am alive" is ominous. It implies much, including determination and threats of violence and combat. It is synonymous with the old admonition "over my dead body" and may be so construed.

It is settled law that a landlord's interference with the tenant's right of ingress and egress may constitute a constructive eviction. (*Coen* v. *City of Los Angeles*, 70 Cal. App. 752 [234 Pac. 426]; 16 R. C. L. 689.) And as a matter of commonplace, little difference can be found between the act of physical removal and the act of preventing entry. A tenant is not obliged, nor is he encouraged by law, to wage a deadly conflict to obtain entry to the demised premises. And where a tenant is denied entry and this denial is coupled with threats of violence upon attempted entry, which threats are sufficient to cause a reasonable man to anticipate and fear bodily conflict or injury, the tenant is justified in treating the denial as an eviction.

The case in the court below was tried with little rancor. True, there seemed to be little effort to hew closely to any so-called technical lines of procedure. Both sides seem to take much for granted and all apparently had but one aim, namely, to have a fair determination of their respective rights.

This goal was attained and we, therefore, see no reason to disturb the judgment and the same is affirmed.

Thompson (R. L.), J., and Plummer, J., concurred.